IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JERRY R. ARMAGOST,<br>    Plaintiff, | )<br>)<br>) | 4:07CV3240 |
| v. | )<br>) | **MEMORANDUM** |
| UNITED STATES OF AMERICA,<br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>) | **AND ORDER** |
| UNITED STATES OF AMERICA,<br>    Counterclaim Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| JERRY R. ARMAGOST and<br>ROBERT RAYMOND,<br>    Counterclaim Defendants.<br>_____ | )<br>)<br>)<br>)<br>) | |
| ROBERT RAYMOND,<br>    Counterclaim Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| UNITED STATES OF AMERICA,<br>    Counterclaim Defendant.<br>_____ | )<br>)<br>) | |

       On February 25, 2010, Magistrate Judge Cheryl R. Zwart made certain findings and recommended to the undersigned district judge (1) "that [counterclaim defendant and counterclaim plaintiff] Robert Raymond's claims against any other party herein, and his defenses to claims filed against him by any other party, be dismissed for want of prosecution," and (2) "that a default be entered against Robert Raymond as to all

claims filed against him." (Filing 83, at 2.) Judge Zwart also notified the parties that "failure to object to the recommendation herein by March 3, 2010 may be deemed a waiver of the right to appeal the district judge's adoption of the recommendation." (*Id.*) Even though no objections were filed by the date indicated, I have performed a de novo review pursuant to 28 U.S.C. § 636(b)(1). I find and conclude that the magistrate judge's findings and recommendations should be adopted in all respects.

Robert Raymond failed to participate in the final pretrial conference that was conducted by Judge Zwart on February 25, 2010, and government counsel testified that Mr. Raymond had indicated he did not intend to participate at trial and did not want to defend the claims brought against him or pursue the counterclaims he has filed in this case. Mr. Raymond had also informed Judge Zwart on February 10, 2010, when his attorneys were permitted to withdraw from the case, that he did not want the trial or pretrial conference continued, and that he did not intend to further litigate his claims and defenses or attend the trial. (Filing 73.) Judge Zwart gave notice to Mr. Raymond on February 12, 2010, that his failure to attend the pretrial conference would result in the dismissal of all his claims and an entry of default. (Filing 79.) This result is appropriate under the circumstances. *See Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009) ("The Federal Rules of Civil Procedure permit dismissal with prejudice '[i]f the plaintiff fails to prosecute or to comply with these rules or a court order.'") (quoting Fed.R.Civ.P. 41(b)); *Ackra Direct Marketing Corp. v. Fingerhut Corp.* 86 F.3d 852, 856 (8th Cir. 1996) ("Default judgment for failure to defend is appropriate when the party's conduct includes 'willful violations of court rules, contumacious conduct, or intentional delays.'") (quoting United States v. Harre, 983 F.2d 128, 130 (8th Cir.1993)).

On February 26, 2010, the United States filed a motion for default judgment on its counterclaim against Robert Raymond and, noting that the trial is scheduled to commence on March 15, 2010, requested an expedited ruling. (Filing 85.) The motion will be granted, but entry of judgment will be deferred until such time as

judgment can also be entered on the government's counterclaim against Jerry R. Armagost, who is alleged to be jointly and severally liable with Mr. Raymond.

The facts pleaded by the government (filing 12) establish that Mr. Raymond is liable under 26 U.S.C. § 6672 for willful failure to pay over federal employment taxes. An affidavit (filing 85-1) and authenticated exhibits (filing 85-2) filed with the motion for default judgment establish that the amount of his liability is $151,678.81, plus interest and statutory additions. Considering that Mr. Raymond has refused to participate at trial, and because the documents submitted by the government clearly establish his liability for the amount of damages that was alleged in the counterclaim, I conclude there is no need for an evidentiary hearing under Federal Rule of Civil Procedure 55(b)(2). *See Stephenson v. El-Batrawi*, 524 F.3d 907, 915-16 (8th Cir. 2008) (need for evidentiary hearing is within sound discretion of district court). On the pleadings and documents presented, I find that judgment should be entered in favor of the United States and against Robert Raymond for unpaid liabilities assessed against him under 26 U.S.C. § 6672 for the tax periods ending December 31, 2002; December 31, 2003; and March 31, 2004; in the amount of $151,678.81, plus interest and statutory additions as provided by law under 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621 and 26 C.F.R. 301.6621-1, less any credits or payments.

In *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872), "the Supreme Court held that when defendants are sued as jointly liable, and less than all default, the court may not enter default judgment against the defaulted defendants until the liability of the nondefaulted defendants has been decided." *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319, 321 (8th Cir. 1997). "When co-defendants are similarly situated, inconsistent judgments will result if one defendant defends and prevails on the merits and the other suffers a default judgment." *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004) (citing *Frow*, 82 U.S. at 554). "To avoid such inconsistent results, a judgment on the merits for the answering party should accrue to the benefit of the defaulting party." *Id.*

The Eighth Circuit has also stated that "[w]hen there are multiple defendants who may be jointly and severally liable for damages alleged by plaintiff, and some but less than all of those defendants default, the better practice is for the district court to stay its determination of damages against the defaulters until plaintiff's claim against the nondefaulters is resolved. This is not because the nondefaulters would be bound by the damage determination against the defaulters, but to avoid the problems of dealing with inconsistent damage determinations against jointly and severally liable defendants." *Pfanenstiel Architects, Inc. v. Chouteau Petroleum Co.*, 978 F.2d 430, 433 (8th Cir. 1992) (citing *In re Uranium Antitrust Litigation*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)).

Consequently, while I will direct the clerk to enter a default against Robert Raymond pursuant to Federal Rule of Civil Procedure 55(a), and also grant without a hearing the government's motion for default judgment for the amount of damages claimed by it, I will withhold entry of this default judgment until the government's counterclaim against Mr. Raymond's co-defendant is resolved.

IT IS ORDERED that:

1. The magistrate judge's findings and recommendations (filing 83) are adopted in all respects.

2. Pursuant to Federal Rule of Civil Procedure 55(a), the clerk of the court is directed to enter a default against Robert Raymond as to all claims made against him.

3. All claims made by Robert Raymond against any other party, and all defenses raised by him to claims filed by any other party, are dismissed with prejudice for want of prosecution.

4.   The government's motion for default judgment (filing 85) is granted, and, at a later date as ordered by the court, judgment will be entered in favor of the United States and against Robert Raymond for unpaid liabilities assessed against him under 26 U.S.C. § 6672 for the tax periods ending December 31, 2002; December 31, 2003; and March 31, 2004; in the amount of $151,678.81, plus interest and statutory additions as provided by law under 28 U.S.C. § 1961(c)(1) and 26 U.S.C. §§ 6601, 6621 and 26 C.F.R. 301.6621-1, less any credits or payments.

5.   The clerk of the court shall mail a copy of this memorandum and order to Robert Raymond.

March 4, 2010.                    BY THE COURT:

                                  *Richard G. Kopf*
                                  United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.